IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-CR-205-WHA |
| | ) | |
| COURTNEY D. FLOWERS | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:             EVERETT MCRAE URECH

ASSISTANT U.S. ATTORNEY:     CHRISTOPHER A. SNYDER

### COUNT AND STATUTE CHARGED:

Count 1:        18 U.S.C. § 371 (Conspiracy)

Count 2:        18 U.S.C. §§ 924(*l*) and 2 (Theft of a Firearm)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1:        18 U.S.C. § 371 (Conspiracy)

Count 2:        18 U.S.C. §§ 924(*l*) and 2 (Theft of a Firearm)

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1:    Sentence: a term of imprisonment of not more than five years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

Count 2:    Sentence: a term of imprisonment of not more than ten years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

### ELEMENTS OF THE OFFENSES

Count 1:

    First:        That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan.

  Second:  That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

  Third:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act; and

  Fourth:  That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

Count 2:

  First:  That the Defendant did knowingly, or willfully steal, take or abstract the weapon as charged in the indictment; and

  Second:  That the weapon moved in interstate commerce.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and Everett McRae Urech, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment in this case and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.  For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

    a.    Pursuant to U.S.S.G., App. A of the 2005 Sentencing Guidelines, the applicable guideline is U.S.S.G. § 2K2.1.

    b.    The offense level should be reduced by 2 levels for acceptance of responsibility if the defendant's adjusted base offense level is less than 16. See U.S.S.G. § 3E1.1(a).

    c.    If, however, the defendant's adjusted base offense level is 16 or greater, then the government will move for an additional one-level decrease based on defendant's timely notification of his intent to plead guilty. See U.S.S.G. § 3E1.1(b).

2. The government agrees, with the defendant, that the amount of restitution shall be $599.99.

3. The government agrees, with the defendant, to a sentence at the low end of the applicable Guideline Range.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment.

2. The defendant agrees to the amount of restitution as set forth in paragraph 2 of the government's provisions.

3. The defendant further agrees to the following:

    a.    To forfeit any and all firearms in his possession.

    b.    To not commit state, federal, or local crimes.

    c.    To waive appeal and collateral attack as detailed below.

## FACTUAL BASIS

The defendant admits the allegations charged in Counts 1 and 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Counts 1 and 2.

On or about April 10, 2006, the defendant Courtney D. Flowers, along with his co-defendant Sebastian K. Smith, agreed to steal a handgun from the owner of the Mulberry Gun and Pawn Inc. ("Mulberry"). The gun had moved in interstate commerce. After so agreeing, they then stole the handgun. Smith took it from behind the counter at the Mulberry and handed it to defendant Flowers, who then (a) took it, (b) left the Mulberry, and (c) hid it in a car outside the Mulberry. All of these actions were taken in order to carry out the object of the conspiracy.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct or to pursue ineffective assistance of counsel or prosecutorial misconduct in a post conviction collateral proceeding. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C.

§ 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to Counts 1 and 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. The defendant acknowledges that a breach of this plea agreement will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee per count is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the Court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.  The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the

defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 25TH day of September, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Christopher A. Snyder
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Everett McRae Urech.

_____
Courtney D. Flowers
Defendant

9/25/06
Date

_____
Everett McRae Urech
Attorney for the Defendant

9/25/06
Date